FILED

06/01/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0238

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0238

FILED

JUN 0 1 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

JEFFREY J. LOUT,

Petitioner,

v.

STATE OF MONTANA,
THIRD JUDICIAL DISTRICT COURT,
HONORABLE RAY J. DAYTON,

Respondents.

ORDER

Jeffrey J. Lout has filed a Petition for Writ of Supervisory Control over the Third Judicial District Court, Powell County, and the Honorable Ray J. Dayton. We amend the caption to indicate the court and presiding judge.

Lout contends that jurisdiction is adequate and proper based on his argument that the Powell County District Court is proceeding under a mistake of law in his civil case, causing a gross injustice, pursuant to M. R. App. P. 14(3)(a). Lout states that he served the Chief Counsel of the Department of Administration (DOA) with a copy of his March 10, 2020 "Verified Complaint for Emergency Injunction Due to the Risk of Substantial Injury or Harm and Notice of Reserving Action for Civil Tort Pursuant to 42 U.S.C. § 1983." Lout filed supplemental pleadings in July 2020. He provides that he filed a Motion for Entry of Default Judgment on December 14, 2020, and that on January 11, 2021, the Department of Administration filed its Answer Brief. Lout contends that the District Court erred by not entering a default judgment and seeks supervisory control to correct the error.

Exercise of supervisory control is discretionary. On a case-by-case basis, the Supreme Court may exercise its supervisory power over all other courts. M. R. App. P. 14(3). "This extraordinary remedy can be invoked when the case involves

purely legal questions and urgent or emergency factors make the normal appeal process inadequate." *State v. Spady*, 2015 MT 218, ¶ 11, 380 Mont. 179, 354 P.3d 590 (citing M. R. App. P. 14(3); *Redding v. McCarter*, 2012 MT 144, ¶ 17, 365 Mont. 316, 281 P.3d 189). An additional criteria, pertinent here, is that "[t]he other court is proceeding under a mistake of law and causing a gross injustice[.]" M. R. App. P. 14(3)(a); *Spady*, ¶ 11.

Upon review of Lout's copious attachments, this Court concludes that supervisory control is not warranted. The March 12, 2020 District Court's Order directed a response from the Department of Corrections to Lout's initial pleading because it requested emergency relief, even though the court "[r]ecogniz[ed] the lack of service[.]" The District Court did not, however, waive service with its Order. The court's prior Order does not cure Lout's failure to effect proper service of his civil case against the defendants. Moreover, Lout first must pursue his tort claims through the DOA. Section 2-9-301, MCA. In part, "[a] complaint based on a claim subject to the provisions of subsection (1) may not be filed in district court unless the claimant has first presented the claim to the department of administration and the department has finally denied the claim." Section 2-9-301(2), MCA. Lout filed his action with the District Court without allowing the requisite 120-day administrative review process. As stated in the October 20, 2020 Brief Supporting Rule 12 Motion to Dismiss Lout's Supplemental Pleadings, both the Department of Corrections and the DOA recommended dismissal of Lout's civil action because the court lacked jurisdiction and for insufficiency of service of process.

We decline to exercise original jurisdiction. The District Court is not proceeding under a mistake of law. Lout is not entitled to entry of default because: service has not been waived; Lout has not allowed the administrative process to reach its conclusion with the DOA; and Lout did not serve the Director of the DOA. Lout has not demonstrated that the District Court is proceeding under a mistake of law.

IT IS THEREFORE ORDERED that Lout's Petition for Writ of Supervisory Control is DENIED.

The Clerk is directed to provide a copy to the Honorable Ray J. Dayton, Third Judicial District Court; to Jill Paull, Clerk of District Court, Powell County, under Cause No. DV-20-19; to counsel of record, and to Jeffrey J. Lout personally.

DATED this 1st day of June, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

3